F I L E D
Clerk
District Court
APR 20 2017
for the Northern Mariana Islands
By_____
(Deputy Clerk)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| VINCENT DLG. TORRES,<br><br>Plaintiff,<br><br>vs.<br><br>E-LAND WORLD, LTD., SUWASO CORPORATION, MICRONESIAN RESORT, INC., ROH, JONG-HO, SEONG MIN KANG, IL KYU KIM, TAE HO KIM, STEVE HWANG, DENNIS SEO, AND DOES 1–3,<br><br>Defendants. | Case No.: 1:16-cv-00004<br><br>**DECISION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO REMAND, AND DENYING DEFENDANTS' MOTION TO COMPEL ARBITRATION, MOTION TO DISMISS OR TO STAY THE SECOND TO FIFTH CAUSES OF ACTION** |

## I. INTRODUCTION

On February 5, 2016, Defendants E-Land World, Ltd. ("E-Land"), Suwaso Corporation ("Suwaso"), Micronesian Resort, Inc. ("MRI"), and Dennis Seo ("Seo") (collectively "Defendants"), the only defendants served to date, filed a notice of removal of Plaintiff Vincent DLG. Torres's lawsuit from the Commonwealth Superior Court to this district court pursuant to Chapter 2 of the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 201-208. The basis of Defendants' removal is an arbitration clause in a Purchase and Sale Agreement of capitol stock of Suwaso Corporation (the "Agreement") executed between Defendants and a non-party, Yusuke Fumoto. Fumoto was the majority shareholder of Suwaso's stock and its chief asset, Coral Ocean Point Golf Course ("COP"). He authorized Torres, a minority shareholder in Suwaso, to negotiate the Agreement on his behalf to sell his majority interest in Suwaso to MRI, E-Land's designee. Torres alleges in the Complaint that Defendants made several fraudulent representations to him regarding Defendants' plans for COP during negotiations surrounding the Agreement, which he relied on to

1

his detriment as a minority shareholder. Torres also alleges that Defendants failed to comply with general corporate law duties following execution of the Agreement.

The Court, having already granted the motion to compel arbitration as to the first claim (Minute Entry, ECF No. 16), now rules on the motions as to the remaining four claims. Before the Court are Defendants' Motion to Compel Arbitration and Dismiss, or, Alternatively, Stay Action (Mot. to Compel Arb. and Dismiss, ECF No. 5) and Torres's Motion to Remand (Mot. to Remand, ECF No. 8). The motions have been fully briefed.[1] After considering all the papers, hearing argument of counsel for both parties, and reviewing the applicable law, the Court, as to the remaining causes of action, grants Torres's motion to remand and denies Defendants' motion to compel arbitration. Further, the Court denies Defendants' motion to dismiss, or, alternatively, stay action.

## II. FACTUAL BACKGROUND

In 2011, Torres and Fumoto, a Japan hotelier, jointly purchased Suwaso, which owns COP. (Compl. ¶¶ 21–26, ECF No. 1-3.) Fumoto purchased the majority of Suwaso shares while Torres acquired the minority shares. (Compl. ¶ 26.) Shortly thereafter, Fumoto sought to sell his shares and gave Torres "full authority to negotiate the sale of Suwaso on his behalf." (Compl. ¶ 31.) Torres alleges that E-Land, a Korean corporation and the sole shareholder of MRI, a CNMI corporation, made several representations to him during negotiations to induce Torres to persuade Fumoto to sell his shares. (Compl. ¶¶ 35–37.) These representations included, but were not limited to, the following: (1) that E-land would keep Torres fully informed of all Suwaso plans and actions;

---

[1] Opp'n to Mot. to Compel Arb. and Dismiss (ECF No. 9); Reply to Opp'n to Mot. to Compel Arb. and Dismiss (ECF No. 15); Opp'n to Mot. to Remand (ECF Nos. 10, 11); Reply to Opp'n to Mot. to Remand (ECF No. 14).

(2) that Torres would remain on as a director of Suwaso; (3) that the property upon which COP sits would be purchased in fee simple to be held in Torres's name, with Torres leasing the property to Suwaso for 55 years; (4) that E-Land would comply with all requirements of the public land lease agreement; and (5) that E-Land would satisfy all debts owed by Suwaso. (Compl. ¶¶ 34–38.) On August 23, 2012, MRI and Fumoto executed the Agreement whereby Fumoto agreed to sell his 85% ownership interest in Suwaso to MRI. (Ex. A (the "Agreement"), ECF No. 5-3.)[2] Torres remains a minority shareholder of Suwaso stock, holding a 15% ownership interest. (Compl. ¶ 37.)

Following execution of the Agreement, Torres alleges that E-Land and all of its agents, employees, and designees controlling MRI and Suwaso denied him access to the books and records of Suwaso pursuant to Suwaso bylaws and 4 CMC §§ 4681–83; failed to provide him with a proper accounting; failed to provide him with a yearly report as required by the bylaws; usurped corporate opportunities that rightfully belong to Suwaso; and negotiated loans of more than $5 million without proper authorization. (Compl. ¶ 40.)

### III. PROCEDURAL POSTURE

Torres filed suit against Defendants in the Commonwealth Superior Court on October 19, 2015 asserting five causes of action based upon fraudulent misrepresentation, accounting, fraudulent concealment and usurpation of corporate opportunity, breach of fiduciary duty, and assisting a breach of fiduciary duty. (Compl. ¶¶ 45–96.) On February 5, 2016, Defendants filed a notice to remove the lawsuit to this Court pursuant to the FAA, 9 U.S.C. § 205, which governs removal of cases relating to an arbitration agreement falling under the Convention on the

---

[2] Although the Agreement contemplated the full transfer of Fumoto's ownership interest in Suwaso to MRI, Fumoto continues to hold 5% of Suwaso's stock. (Mot. to Compel Arb. and Dismiss 4.)

3

Recognition and Enforcement of Foreign Arbitral Awards (the "Convention") from state courts. (Notice of Removal, ECF No. 1.) Defendants then filed a motion to compel arbitration and dismiss, or, alternatively, stay action. (Mot. to Compel Arb. and Dismiss, ECF No. 5.) Torres responded with a motion to remand the lawsuit back to state court. (Mot. To Remand, ECF No. 8.)

At the motions hearing, Torres agreed to voluntarily submit to arbitration on the first cause of action, fraudulent misrepresentation, and asked the Court to remand as to the four remaining claims. (Minute Entry, ECF No. 16.) After hearing argument from both parties, the Court granted Defendants' motion to compel arbitration as to the first cause of action. *Id*. The Court now grants the motion to remand the remaining four causes of action.

### IV.　DISCUSSION

A.　Propriety of Defendants' Removal of the Case to the District Court

Defendants have removed the instant case from state court pursuant to Chapter 2 of the FAA, 9 U.S.C. §§ 201–208. (Notice of Removal 1, ECF No. 1.) Defendants argue that removal is proper because the FAA provides expansive removal jurisdiction to federal courts, the Agreement falls under the New York Convention over which federal courts have original jurisdiction, and all five of Torres's claims relate to the Agreement. (Notice of Removal ¶¶ 39–81.) Torres argues that this Court lacks removal jurisdiction because the Agreement does not fall under the New York Convention, and Defendants have failed to raise a "conceivable" argument that the arbitration provision would impact the disposition of this case. (Memo. in Support of Mot. to Remand 4, ECF No. 8-1.) Torres, having agreed to submit to arbitration on the first cause of action, now requests that the Court remand as to the remaining four state causes of action. (Minute Entry, ECF No. 16.) Prior to addressing the motion to remand, the Court must determine whether removal to this Court is proper.

1. Legal Standard for Removal

Removal to a district court is proper "[w]here the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention." 9 U.S.C. § 205. While courts generally "strictly construe the removal statute against removal jurisdiction," *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992), "the plain language of § 205 provides federal courts with remarkably broad removal authority." *Infuturia*, 631 F.3d at 1138 n.5 (*citing Beiser v. Weyler*, 284 F.3d 665, 674 (5th Cir. 2002)). "[W]henever an arbitration agreement falling under the Convention could *conceivably* affect the outcome of the plaintiff's case, the agreement 'relates to' the plaintiff's suit." *Infuturia Global Ltd. v. Sequus Pharm., Inc.*, 631 F.3d 1133, 1137–39 (9th Cir. 2011) (*quoting Beiser*, 284 F.3d at 669 (emphasis in original).

Section 205 provides that a case may be removed to a district court "whose relation to an agreement or award under the Convention is based on an affirmative defense." *Infuturia*, 631 F.3d at 1138; *see* 9 U.S.C. § 205 ("[T]he ground for removal provided in this section need not appear on the face of the complaint but may be shown in the petition for removal."). Section 205 is triggered by "just about any suit in which a defendant contends that an arbitration clause falling under the Convention provides a defense." *Id.* at 1138 (*quoting Beiser*, 284 F.3d at 669).

2. Removal Jurisdiction over Torres's Claims

Here, the Court finds that the subject matter of Torres's first cause of action "relates to" the Agreement because the Agreement contains an arbitration clause and Torres's claim of misrepresentation relates to the Agreement itself. This conclusion is supported by the following undisputed facts regarding the first cause of action. Torres acted as Fumoto's agent during negotiations; Torres aimed to benefit from E-Land's promise in Section IV.C of the Agreement to pay all of Suwaso's debts properly disclosed before the sale which included obligations to Torres

5

(*see* Declaration of YuanKyu Jung 8, ECF No. 5-2); and Torres seeks to enforce a verbal agreement that requires E-Land to purchase the Tenorio property under his name in fee simple, which implicates Section III(A) of the Agreement wherein Suwaso was to lease the land for 55 years. The Agreement's arbitration clause encompasses this claim because Torres was an agent of Fumoto, who is a signatory to the Agreement, and the arbitration clause states that "the Parties agree[d] that *any claim or dispute* between them or against *any agent . . . ,whether related to this Agreement* or otherwise . . . shall be resolved by binding arbitration[.]" (Notice of Removal ¶ 64; Agreement § X.I, ECF No. 5-3 (emphasis added).) Defendants further argue that the Agreement may also provide substantive defenses to Torres's claims. (*See* Notice of Removal ¶¶ 75, 78; Agreement § X.K (integration clause); Agreement § X.C (limitation on amendments).) Based on these assertions, Defendants have established that the Agreement could "conceivably affect the outcome" of Torres's first cause of action. The Court therefore finds that the Agreement "relates to" Torres's suit as to the first cause of action such that this Court has removal jurisdiction pursuant to 9 U.S.C. § 205.

        3.      Subject Matter Jurisdiction over Torres's Claims

The Court, having established that it has proper removal jurisdiction, must next determine whether it has subject matter jurisdiction to hear the case. *Infuturia*, 631 F.3d at 1135 n.1 ("a federal court must have both removal and subject matter jurisdiction to hear a case removed from state court"). The FAA provides that "[a]n action or proceeding falling under the Convention shall be deemed to arise under the laws and treaties of the United States. The district courts of the United States . . . shall have original jurisdiction over such an action or proceeding, regardless of the amount in controversy." 9 U.S.C. § 203. Section 202 of the FAA states the following:

> An arbitration agreement or arbitral award arising out of a legal relationship, whether contractual or not, which is considered as commercial, including a

transaction, contract, or agreement described in section 2 of this title, falls under the Convention. An agreement or award arising out of such a relationship which is entirely between citizens of the United States shall be deemed not to fall under the Convention unless that relationship involves property located abroad, envisages performance or enforcement abroad, or has some other reasonable relation with one or more foreign states. For purposes of this section a corporation is a citizen of the United States if it is incorporated or has its principal place of business in the United States.

9 U.S.C. § 202.

Defendants assert that the Agreement "falls under" the Convention because it "effectuates a commercial transaction—the sale of stock—that is not entirely between citizens of the United States." (Notice of Removal ¶ 46.) More specifically, the Purchase and Sale Agreement was executed between Fumoto, a Japanese citizen, and a Korean corporation (E-Land) acting through a CNMI corporation (MRI). (Notice of Removal ¶ 46.)

Torres contends, however, that the Agreement fails to "fall under" the Convention because he was not a signatory to the Agreement. (Memo Mot. to Remand 4.) Torres argues that since he did not sign the Agreement, he is not a party and cannot be compelled to arbitrate. (Memo Mot. to Remand 5.) Torres further argues that the arbitration provision in the Agreement failed to provide for arbitration in a territory that is a signatory to the Convention. (Memo Mot. to Remand 5.) Torres states that the mere invocation of the American Arbitration Association is insufficient to fulfill the jurisdictional requirement that arbitration take place in a territory that is a signatory to the Convention. (Memo Mot. to Remand at 5–6.)

Torres's arguments are based on *Ledee v. Ceramiche Ragno,* in which the First Circuit recognizes four prerequisites for an arbitration agreement to fall under the Convention, including whether the agreement provides for arbitration in the territory of a signatory of the Convention. 684 F.2d 184, 186–87 (1st Cir. 1982). However, the *Ledee* prerequisites determine whether a court must order arbitration once it has asserted jurisdiction under Chapter 2 of the FAA and do not

address the issue of jurisdiction. *See also Freudensprung v. Offshoe Technical Services, Inc.*, 379 F.3d 327, 339 (5th Cir. 2004) (citing *Ledee* for determining when a court should compel arbitration); *Smith/Enron Cogeneration Ltd. Partnership v. Smith Cogeneration Intern,* 198 F.3d 88, 92 (2d Cir. 1999) (citing to *Ledee* for the proposition that a district court has a limited scope of inquiry in considering a petition to compel arbitration under Chapter 2 of the FAA); *Standard Bent Glass Corp. v. Glassrobots* Oy, 333 F.3d 440, 449 (3d Cir. 2003) (citing *Ledee*).

The Ninth Circuit has not adopted any of the four *Ledee* prerequisites to establish jurisdiction. In fact, the Ninth Circuit has cautioned district courts against adding jurisdictional requirements not expressed in Chapter 2 of the FAA. *See Infuturia*, 631 F.3d at 1138 (finding that a district court exceeded the jurisdictional scope of § 205 by adding privity of contract to the prerequisites for removal jurisdiction without a statutory basis). In *AtGames Holdings Ltd. v. Radica Games, Ltd.*, for example, the district court held that a state court action is only removable "if (1) the parties to the action have entered into an arbitration agreement, and (2) the action relates to that agreement." 394 F. Supp. 2d 1252, 1255 (C.D. Cal. Oct. 7, 2005). The holding in *AtGames* grounded jurisdiction on the relatedness of the parties even though Section 205 only focused on the relatedness of the "*subject matter* of [the] action . . . to an arbitration agreement." *Infuturia*, 631 F.3d at 1138. The Ninth Circuit was not persuaded by the holding in *AtGames* and declined to add any prerequisites to removal jurisdiction if not stated in Chapter 2. *Id.* at 1139.

The requirements for arbitration under the Convention are not to be construed as federal jurisdictional requirements; only Chapter 2 of the FAA creates federal jurisdiction in this matter. Title 9 U.S.C. § 201 provides that the Convention "shall be enforced in the United States courts *in accordance with this chapter*" (emphasis added). Chapter 2 of the FAA does not incorporate the

Convention, but rather establishes an enforcement mechanism for it. District courts have original jurisdiction over actions or proceedings "falling under" the Convention. 9 U.S.C. § 203.

The Court need only look at Section 202 under Chapter 2 of the FAA to determine whether an agreement "falls under" the Convention and Section 203 to assert subject matter jurisdiction thereafter. Here, the Agreement "falls under" the Convention because it involves a commercial transaction, namely a Purchase and Sale Agreement of Suwaso stock, executed between a Japanese citizen and a Korean corporation (E-Land) acting through a CNMI corporation (MRI). This Court concludes that the Defendants have met their burden to establish subject matter jurisdiction. For these reasons, the Court rejects Torres's arguments and finds that it has subject matter jurisdiction.

B.  Motion to Remand

Having established that it has both removal and subject matter jurisdiction to hear the case, the Court now addresses the merits of Torres's motion to remand. In its discussion of the propriety of Defendants' removal, the Court concluded that the Agreement could "conceivably affect the outcome" of Torres's case such that it "relates to" Torres's suit. The Court has further determined that the Agreement "falls under" the Convention pursuant to §§ 202–203 under Chapter 2 of the FAA. This Court therefore has subject matter jurisdiction over this suit.

However, courts may elect not to exercise jurisdiction when the federal claim that forms the basis of federal jurisdiction is eliminated. *See Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 351 (1988) ("when the single federal-law claim in the action was eliminated at an early stage of litigation, the District Court had a powerful reason to choose not to continue to exercise jurisdiction"). In this case, the Court orally granted Defendants' motion to compel arbitration as to the first cause of action regarding fraudulent misrepresentation (Minute Entry, ECF No. 16.) Having granted the motion to compel arbitration as to the first cause of action, the court will

dismiss that cause of action and retain jurisdiction to enforce any arbitration judgment. Having then dismissed the claim over which it had original jurisdiction, the Court now considers whether to exercise jurisdiction over the remaining claims.

The only claims remaining are the state-law claims. These claims—accounting, fraudulent concealment and usurpation of corporate opportunity, breach of fiduciary duty, and assisting a breach of fiduciary duty—while part of Torres's suit, stand independent of the Agreement. It is only Torres's first claim that depended on and related to the Agreement, as the Agreement provided the basis for Defendants' making alleged fraudulent misrepresentations to Torres. (Compl. ¶¶ 45–54.) The remaining claims are not related to the Agreement under Torres's role as Fumoto's agent. Those claims assert violations of CNMI state law (4 CMC §§ 4681–83), the Suwaso bylaws, and breach of corporate fiduciary duties under Torres's role as a minority shareholder of Suwaso. (Compl. ¶¶ 61, 70, 84–85, 94.) Torres does not seek to enforce the Agreement through these claims but rather bases the claims on other communications, acts, and omissions by Defendants which affected him in his capacity as a minority shareholder. None of the state-law claims hinges on the Agreement or is so closely tied to the first cause of action such that jurisdiction must remain with this Court.

In instances where a suit is properly removed and the plaintiff decides to abandon his federal claim, the district court has the power to remand the case. *See Carnegie-Mellon*, 484 U.S. at 351. The pendent jurisdiction doctrine is crafted "to enable courts to handle cases involving state-law claims in the way that will best accommodate the values of economy, convenience, fairness, and comity[.]" *Id*. at 352. The district court can "decline to assert supplemental jurisdiction" over a pendant claim if: (1) the claim raises a novel or complex issue of State law; (2) the claim substantially predominates over the claim or claims over which the district court has

original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c). When all federal claims are eliminated before trial, "the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Acri v. Varian Associates*, 114 F.3d 999, 1001 (9th Cir. 1997) (*quoting Carnegie-Mellon*, 484 U.S. at 350 n.7) (omission in original).

Here, Torres voluntarily agreed at the hearing to arbitrate the first cause of action, fraudulent misrepresentation. (Minute Entry, ECF No. 16.) It is the only cause of action that provided the basis for subject matter jurisdiction, as it was entirely based on oral representations made to Torres during negotiations concerning the Agreement between Fumoto and MRI. (Compl. ¶¶ 45–54.) The remaining four causes of action are state-law claims entirely separate from the Agreement; they therefore provide the Court with no independent basis for federal jurisdiction. The state-law claims substantially predominate over the first claim in "the scope of the issues raised" and "the comprehensiveness of the remedy sought[.]" *United Mine Workers v. Gibbs,* 383 U.S. 715, 726 (1966).

In determining whether to exercise supplemental jurisdiction, the district court considers "the principles of economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine." *Carnegie-Mellon*, 484 U.S. at 357. As to judicial economy, the Court has not made any rulings on substantive motions nor expended substantial effort in this case. The only pending motions are the initial procedural issues. As to convenience and fairness, both the state and federal forum are equally convenient to the parties as they are both located in the CNMI. Defendants have not otherwise shown that this Court would provide a fairer forum than the state forum. With respect to comity, because CNMI state law will apply to the remaining claims, the

Commonwealth Superior Court would be better suited to handle the case. None of these factors weigh heavily in favor of retaining supplemental jurisdiction over the remaining state-law claims. *See SFA Group, LLC v. Certain Underwriters at Lloyd's, London et al.,* 2016 WL 5842180, at *5–*6 (C.D. Cal. Sept. 29, 2016) (remanding supplemental claims following dismissal of claims over which it had original jurisdiction under the FAA since the supplemental claims provided no independent basis for jurisdiction over Defendants). The Court therefore declines to exercise supplemental jurisdiction over the remaining claims and grants the motion to remand as to these claims.

1. Award of Attorney Fees

Defendants argue that even if this Court grants the motion to remand, attorney fees should not be awarded to Torres. (Opp'n to Mot. to Remand 24.) Section 1447(c) provides that a remand order may require payment of attorney's fees. 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.") The statute does not require a grant of attorneys' fees on remand as a matter of course. *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 136 (2005). Section 1447(c) only authorizes courts to award costs and fees "when such award is just." *Id.* at 138. Absent unusual circumstances, courts may award fees and costs "only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* at 141.

Here, the Court agrees with Defendants that an award of costs and fees to Torres is not warranted. It was objectively reasonable for Defendants to assert that removal would be proper because one of Torres's claims is directly related to the Agreement over which this Court has jurisdiction. Moreover, the Court's determination of having both removal and initial subject matter jurisdiction over the case disfavors awarding costs and fees, and no unusual circumstances exist.

On balance, this Court grants Torres's motion to remand the remaining claims but denies his request for attorney fees.

C. Motion to Dismiss

Defendants' legal basis for their motion to dismiss is that since an arbitration clause is effectively a forum selection clause, dismissal under FRCP 12(b)(3) is proper. (Mot. to Compel Arb. and Dismiss 3.) Thus, to the extent that Plaintiff's claims must be arbitrated, nothing will remain for the Court to adjudicate and the Court should dismiss them. (*Id.*) If the Court were to find, however, that any claims fall outside the Agreement's arbitration provision, Defendants argue that it should stay those claims "as a matter of its discretion to control its docket." (Mot. to Compel Arb. and Dismiss 20; *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 20 n.23 (1983).) Torres asks that the Court deny the motion to compel arbitration and dismiss for all the same reasons articulated in his motion to remand. In particular, Torres argues that he was not a signatory to the Agreement, the arbitration clause does not encompass any of his claims, he was not acting on Fumoto's behalf to vindicate Fumoto's interest, he was not a third-party beneficiary of the Agreement, and he cannot be forced to arbitrate based on equitable estoppel. (Opp'n to Mot. to Compel 3.)

In declining to exercise supplemental jurisdiction over the remaining state law claims, this Court has already articulated reasons to justify remand of the remaining state law claims. The Court has only ruled on initial procedural motions, Defendants have not otherwise shown that this Court would provide a fairer forum than the state forum, and the state court would be better suited to adjudicate state law claims. The Court does not find the remaining state law claims interdependent with the fraudulent misrepresentation claim so as to justify a stay. In this case, the

state law claims do not hinge on the Agreement and can be independently asserted by Torres as a minority shareholder of Suwaso. As such, the Court denies Defendants' motion to dismiss.

## V. CONCLUSION

For the foregoing reasons, Torres's Motion to Remand (ECF No. 8) as to the remaining four claims is GRANTED, and the action is remanded to the Commonwealth Superior Court. Defendants' Motion to Compel Arbitration and Motion to Dismiss, or, Alternatively, Stay Action (ECF No. 5) as to the second through fifth causes of action is DENIED.

Having granted Defendants' Motion to Compel Arbitration as to the First Cause of Action, the Court will dismiss the first cause of action and retain jurisdiction to enforce any arbitration judgment.

SO ORDERED: April 20, 2017

_____
RAMONA V. MANGLONA
Chief Judge